THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
JUAN FERNÁNDEZ BELTRÁN, Defendant and Appellant.

No. 17355.  Decided November 5, 1962.

*Rodríguez Otero, Ramírez & Díaz González* for appellant.  *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM.

Appellant Juan Fernández Beltrán was found guilty of murder in the second degree (§ 201 of the Penal Code, 1937 ed., 33 L.P.R.A. § 633) and of violation of §§ 8 and 6 of the Weapons Law of Puerto Rico, 25 L.P.R.A. §§ 418 and 416. He was sentenced to serve in the penitentiary indeterminate sentences of 15 to 30 years and of 1 to 5 years in the first two offenses, to be served concurrently, and to six months

in jail for the other violation. He appealed and assigns as only error that in the course of the prosecution which culminated in the convictions he did not have due and proper assistance of counsel.

■ The informations in these cases were filed on May 2, 1960. In the act of arraignment defendant was assisted by an attorney of his own choosing. Until the date of the trial he had indistinctly the services of attorneys Jorge Luis Landing, Antonio Quirós Méndez, and José H. Luciano. The trial was continued on August 9, October 21, and February 14. On this latter occasion when Augusto Burgos Mundo, who was the attorney of record, stated that he did not represent defendant, the court appointed José H. Luciano to assume the defense and continued the hearing three months later, namely, May 23. During the course of the trial appellant was assisted by attorneys José H. Luciano and Luis Juan, who did not move for continuance of the trial for lack of preparation of the defense.

■■ The right to legal assistance includes not only the designation of legal representation at the trial but also a reasonable opportunity to prepare the defense. *Hernández* v. *Delgado, Warden*, 82 P.R.R. 474, 477 (1961). The preparation of the defense includes the production of witnesses and defendant's documentary evidence, as well as an opportunity to prepare himself to cross-examine the prosecution witnesses. Appellant relies precisely on the latter point to insist that he did not have the constitutional guarantee of legal assistance, and to that effect it is alleged that one of the attorneys made a statement at the commencement of the trial in the sense that he had not been able to confer with some of the defense witnesses. However, the court adjourned until the next day, and in view of another statement that it was necessary to question them in order to be able to cross-examine adequately witness Menelio Vargas, the court adjourned in order to give defendant's counsel the opportunity requested. The cross-examination of that witness shows clearly that the defense

was prepared, since he was not only questioned at length on the facts declared in the direct examination, but attempt was made to elucidate others of exculpatory nature for defendant and which tended to establish his self-defense theory. On the other hand, an examination of the transcript reveals that the defense attorneys were competent, that they introduced the defense evidence which they had available, and that at all times they were ready and willing to establish the self-defense announced. From the manner in which the prosecution developed, the work displayed by them could hardly be excelled.

The judgments rendered by the Superior Court, San Juan Part, on June 7, 1961 will be affirmed.